LEAVENSWORTH, ADMINISTRATOR ON THE ESTATE OF WARNER, v. PHELPS.

In an action of book-debt brought by an administrator, original entries of the deceased are not absolutely necessary to support the action.

THIS was an action of book debt.     The account exhibited consisted of one article only (to-wit), twenty half-johannes. The charge was not in the handwriting of the deceased.

Mr. Adams, for the defendant, moved that the plaintiff be compelled to produce the original entries of the deceased, or suffer a nonsuit.

Mr. Hinman, for the plaintiff, stated, that by accident, the original entries, which were in the handwriting of the deceased, were totally lost, and could not be produced. That the account exhibited was made by the attorney, in consequence of directions received from the deceased, in his lifetime.     That the plaintiff could prove there had been a charge in the handwriting of the deceased, exactly corresponding with the one exhibited on trial, and that the deceased had declared the same to be a just charge.

Mr. Adams, in reply, said, that if administrators were permitted to sustain actions on accounts made by them in

favor of the deceased, from such information as they might be able to collect, there would be no guarding against unjust demands of this kind:    For if the original papers were produced, it might appear from them that the account had been settled, or that the articles were delivered in discharge of some antecedent demand; or much other light might be reflected on the subject.    That an original entry was a species of evidence indispensably necessary to support a demand of this kind.

By the COURT.    The action may proceed without those entries; for if the demand, under all the circumstances of it, should not be sufficiently supported by evidence, the action must fail.    The charge in the handwriting of the deceased, can only be evidential of a right of recovery, which may be supplied by other evidence, of as great or greater weight.